945 F.2d 404
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lee H. BERRY, Plaintiff-Appellant,
v.
Robert HARKEN, Tim Lochinski, City of Bay City, Gerald
Vanalst, Chief of Police, Bay City, John Buczek, Bay City
Police Department, Walter Reynolds, Ray Paquette, Bay City
Police Department, Gordon McCallister, Bay City Police
Department, Dean Vossler, Bay City Police Department, David
Childers, City of Midland, James Stegall, City of Midland,
Defendants-Appellees.
 No. 91-1594.
 United States Court of Appeals, Sixth Circuit.
 Sept. 24, 1991.
 
 E.D.Mich., No. 86-10447; Cleland, J.
 E.D.Mich.
 AFFIRMED.
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Lee H. Berry, a pro se Michigan resident, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Seeking damages, Berry sued various members of the Bay City and Midland (Michigan) Police Departments. He alleged that his rights under the first, fifth, sixth, eighth and fourteenth amendments were violated when he was arrested and prosecuted on charges of uttering and publishing a forged check and conspiracy to utter and publish a forged check in violation of Mich.Comp.Laws §§ 750.249 and 750.157(a). He asserted that he was the victim of a false arrest and malicious prosecution resulting from a conspiracy among the defendant police officers to entrap him. He further alleged that the police used excessive force at the time of his arrest. The state trial court had granted a directed verdict for Berry, finding that the jury could not find the existence of the essential elements of the crimes with which he was charged beyond a reasonable doubt.
 
 
 3
 After a review, the district court granted summary judgment for all of the defendants, except Officers Harken and Lochinski, finding that: (1) Officer Stegall had never been served with a copy of the summons and complaint; and (2) that Berry had failed to respond to the motions of the other defendants for summary judgment. The matter was further referred to a magistrate who recommended that summary judgment be granted for Lochinski on the grounds of qualified immunity, but that Harken's motion for summary judgment be denied. Following de novo review, the district court modified the magistrate's report and recommendation and granted summary judgment for Harken and Lochinski, finding: (1) that the police did have probable cause to arrest Berry; (2) that Berry's claims against the police officers were barred by qualified immunity; and (3) that Berry had submitted no evidence in support of his claim that the police used excessive force at the time of his arrest.
 
 
 4
 Berry has filed a timely appeal. He requests the appointment of counsel in his brief on appeal.
 
 
 5
 Upon review, we conclude that the district court properly granted summary judgment for the defendants because the record shows that there is no genuine issue as to any material fact and that defendants are entitled to a judgment as a matter of law. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 6
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed for the reasons stated in the district court's order modifying the magistrate judge's report and recommendation filed March 28, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.